IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JARED BURRESS and MEGAN BURRESS,
on their own behalf, and on behalf of their
minor children, M.B. and L.B.,

                                    Plaintiffs,

        v.

MR. G & G TRUCKING, LLC,
GUIDO F. RIVADENEIRA; and
LIOSBANY RAFAEL ALCOLEA AGUILERA,

                                    Defendants.

OPINION AND ORDER

19-cv-0791-slc

Plaintiffs have filed this civil action involving a motor vehicle accident and allege diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 3. The complaint's allegations regarding citizenship for the parties are inadequate: the complaint only identifies the residences of plaintiffs Jared and Megan Burress and defendants Guido Rivadeneira and Liosbany Rafael Alcolea Aguilera, and the state of incorporation for defendant Mr. G & G Trucking, LLC. More is needed.

The first question in any lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). Section 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). As the parties seeking removal, defendants bear the burden of establishing federal jurisdiction. *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

The *citizenship*, not the residency, of an individual is what matters for diversity jurisdiction purposes. *Craig v. Ontario Corp.*, 543 F.3d 872, 876 (7th Cir. 2008); *Meyerson v. Harrah's East Chicago Casino*, 299 F .3d 616, 617 (7th Cir. 2002). An individual is a citizen of the state in which he is

domiciled, that is, where he has a "permanent home and principal establishment, and to which [he] has the intention of returning whenever he is absent therefrom." Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

Next, the citizenship of a limited liability company such as Mr. G & G Trucking, LLC is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well").

Because the complaint does not identify or allege the citizenship of the Burresses, Rivadeneira, Aguilera, or the members of Mr. G & G Trucking, LLC, the court cannot determine whether plaintiffs are diverse with respect to all of the defendants.

Therefore, IT IS ORDERED that defendants have until November 1, 2019 to submit verification of the citizenship of the Burresses, Rivadeneira, Aguilera, and each of the members of Mr. G & G Trucking, LLC, (an affidavit would do).

Entered this 18th day of October, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge