IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JARED BURRESS and MEGAN BURRESS,

                      Plaintiffs,

    v.

MR. G&G TRUCKING, LLC,
GUIDO F. RIVADENERIA, and
LIOSBANY RAFAEL ALCOLEA AGUILERA,

                    Defendants.[1]

OPINION and ORDER

19-cv-791-jdp

---

       Plaintiffs Jared Burress and Megan Burress and their minor children were injured a car accident. Plaintiffs allege that the accident was caused by defendant Liosbany Rafael Alcolea Aguilera, who was driving a truck owned by defendant Mr. G&G Trucking, LLC. According to the complaint, defendant Guido F. Rivadeneria, who was employed by Mr. G&G to drive the truck, brought Aguilera along to take turns driving so that he could reach his destination faster; the accident occurred during Aguilera's turn.

       Aguilera and Rivadeneria failed to respond to plaintiffs' discovery requests, even after this court compelled them to do so. Plaintiffs move for sanctions against Aguilera and Rivadeneria. Dkt. 30. They ask the court to strike Aguilera and Rivadeneria's answers and enter judgment against them on the issue of liability. The court will give Aguilera and Rivadeneria a final opportunity to respond to plaintiffs' discovery requests. If they fail to do so by the deadline, the court will grant plaintiffs' motion.

---

[1] It appears that defendant Guido F. Rivadeneria's last name is actually spelled "Rivadeneira." *See* Dkt. 33-1.

BACKGROUND

Plaintiffs filed this lawsuit on September 20, 2019. Dkt. 3. All three defendants, represented by the same counsel, filed a joint answer on October 8. Dkt. 6.

Plaintiffs served interrogatories and requests for production of documents on Aguilera and Rivadeneria in December. Aguilera and Rivadeneria did not respond to these discovery requests, so plaintiffs filed a motion to compel in February 2020. Dkt. 22. Magistrate Judge Stephen Crocker granted plaintiffs' motion after a telephonic hearing, ordering Aguilera and Rivadeneria to respond to all outstanding discovery requests by March 27. Dkt. 26.

On March 27, defendants' counsel sent plaintiffs some documents that had been provided by Rivadeneria before plaintiffs had served their discovery. But counsel did not directly respond to any of plaintiffs' outstanding discovery requests. He said that he and his co-counsel had not had any contact with Rivadeneria since plaintiffs had served discovery. Dkt. 30-1. In a phone call a few days later, he told plaintiffs that he had repeatedly attempted to contact Aguilera and Rivadeneria but had received no response.

ANALYSIS

Plaintiffs ask the court to strike Aguilera and Rivadeneria's answer and enter judgment against these defendants on the issue of liability. Federal Rule of Civil Procedure 37(b)(2)(A) allows a court to sanction a party who fails to comply with an order to provide discovery in various ways, including by striking the party's pleading in whole or in part and by rendering default judgment against the party. Rule 37 authorizes such sanctions "to penalize balky litigants and to deter others who might otherwise ignore discovery orders." *Philips Med. Sys. Int'l, B.V. v. Bruetman*, 982 F.2d 211, 214 (7th Cir. 1992). The court need not select the least

drastic sanction available, *Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 591 (7th Cir. 1992), but the sanction imposed must be proportionate and related to the party's specific discovery violation, *Crown Life Ins. Co. v. Craig,* 995 F.2d 1376, 1382 (7th Cir. 1993).

Although entry of default judgment as a discovery sanction is a "draconian" remedy, it "is an appropriate discovery sanction against a party who has shown 'bad faith, willfulness, or fault.'" *Domanus v. Lewicki*, 288 F.R.D. 416, 419–20 (N.D. Ill. 2013) (quoting *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003), *overruled on other grounds by Ramirez v. T&H Lemont, Inc.,* 845 F.3d 772 (7th Cir. 2016)). In this context, "fault" is "objectively unreasonably behavior." *Long v. Steepro*, 213 F.3d 983, 987 (7th Cir. 2000). It need not be intentional or reckless conduct, but it must be more than "a mere mistake or slight error in judgment." *Id.* The court finds that Rivadeneria and Aguilera's complete failure to respond to plaintiffs' discovery requests and to comply with this court's order meets this standard.

Defendants offer several arguments against the entry of default judgment. None are persuasive.

Defendants argue that default judgment is not warranted because plaintiffs have not shown that Rivadeneria and Aguilera acted in bad faith. But bad faith is merely one of three categories of conduct that can warrant default judgment. *Domanus*, 288 F.R.D. at 420. Rivadeneria and Aguilera's failure to participate in the case is serious enough to warrant this sanction, even without direct evidence of bad faith. *See id.*

Defendants contend that plaintiffs' need for Rivadeneria and Aguilera's discovery responses is not extreme enough to warrant default judgment. They rely on a statement in *Golant v. Levy (In re Golant)*, 239 F.3d 931 (7th Cir. 2001) that entry of default judgment as a discovery sanction is "to be used 'only in extreme situations.'" *Id.* at 937 (quoting *Webber v.*

*Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983)). But what makes a situation "extreme" is not the opposing party's need for the discovery it seeks; rather, it is the conduct of the party facing sanctions. *See id.* at 937–38 (considering whether defendant's refusal to provide discovery, not plaintiff's need for discovery, warranted sanction of default judgment). Besides, plaintiffs' discovery requests seek information that is fundamental to the prosecution of their case. Plaintiffs are significantly prejudiced by the failure to respond.

Defendants also say that entry of default judgment against Rivadeneria and Aguilera will prejudice Mr. G&G because of plaintiffs' allegations of vicarious liability against Mr. G&G. Plaintiffs seek no sanctions against Mr. G&G, and any sanctions that the court enters against Rivadeneria and Aguilera will not apply directly to Mr. G&G. These sanctions may indirectly make it more difficult for Mr. G&G to defend itself. But that difficulty ultimately arises from the failure of those who drove Mr. G&G's truck to participate in this litigation. It's not unfair that Mr. G&G, rather than plaintiffs, will bear the burden of the drivers' failure to participate in the case.

Defendants note that some of plaintiffs' claims involve allegations that Aguilera lacked a commercial driver's license. Defendants have produced a purported copy of Aguilera's temporary commercial driver's license. Dkt. 32-2. They argue that, accordingly, plaintiffs are not entitled to default judgment on any claims involving Aguilera's alleged lack of a commercial driver's license. Mr. G&G may defend itself with this evidence that Aguilera possessed a valid commercial driver's license at the time of the accident. But the fact that there is some potential defense on the merits does not mean that default judgment is not an appropriate sanction for Aguilera and Rivadeneria's complete failure to participate in the case.

Finally, defendants say that the court should be lenient against Rivadeneria and Aguilera because defense counsel believes that English is not their first language. But plaintiffs provide an email that Rivadeneria sent to plaintiffs' counsel in which he states that he understands that he is being sued for negligence. Dkt. 33-1. And in any event, defendants haven't provided any evidence that Rivadeneria and Aguilera do not understand their obligations to respond to discovery responses and to comply with court orders.

District courts are encouraged to warn defendants before granting default judgment against them under Rule 37. *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 192 (7th Cir. 2011). The court will give Rivadeneria and Aguilera a final brief opportunity to fully comply with Judge Crocker's order. If they fail to do so within the deadline below, the court will grant plaintiffs' motion, strike Rivadeneria and Aguilera's answers, and enter judgment against them on the issue of liability.

ORDER

IT IS ORDERED that defendants Guido F. Rivadeneria and Liosbany Rafael Alcolea Aguilera are directed to comply with Magistrate Judge Stephen Crocker's order to respond to plaintiffs' outstanding discovery requests, Dkt. 26. If Rivadeneria and Aguilera fail to do so by August 14, 2020, the court will grant plaintiffs Jared Burress and Megan Burress's motion for sanctions, Dkt. 30.

Entered July 31, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

5