IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JARED BURRESS and MEGAN BURRESS,

                        Plaintiffs,

  v.
                                                OPINION AND ORDER

MR. G&G TRUCKING, LLC,
GUIDO F. RIVADENERIA, and                           19-cv-791-jdp
LIOSBANY RAFAEL ALCOLEA AGUILERA,

                        Defendants.

---

Plaintiffs Jared Burress and Megan Burress are suing defendants Mr. G&G Trucking, LLC, Guido F. Rivadeneria, and Liosbany Rafael Alcolea Aguilera for injuries plaintiffs sustained in a car accident. Two motions are before the court. First, defendants move for reconsideration of sanctions imposed on Aguilera for discovery violations. Dkt. 40. And second, defendants ask the court to order Jared Burress to submit to an in-person medical examination. Dkt. 47. The court will deny both motions.

ANALYSIS

**A. Defendants' motion for reconsideration**

Aguilera and Rivadeneria failed to respond to plaintiffs' discovery requests, even after the court ordered them to do so. Plaintiffs then moved for sanctions, but the court gave Aguilera and Rivadeneria a final opportunity to comply. Dkt. 34. Rivadeneria complied by the final deadline; Aguilera did not. So the court granted plaintiffs' motion and entered default judgment against Aguilera. Dkt. 36. The court awarded plaintiffs' reasonable expenses in bringing their motion for sanctions, imposed jointly and severally on Aguilera and Rivadeneria.

Defendants ask the court to reconsider its entry of default judgment against Aguilera regarding liability. They say that Aguilera has now contacted defense counsel and assisted with providing discovery responses, which defendants sent to plaintiffs 12 days after the final deadline set by the court to do so. They contend that these responses constitute newly discovered evidence that warrants reconsideration.

Requests for reconsideration of interlocutory orders are "governed by the doctrine of the law of the case, which authorizes such reconsideration if there is a compelling reason" for it. *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 572 (7th Cir. 2006). Rules 59(e) and 60(b), which the parties cite, govern postjudgment motions, not interlocutory orders such as this one. *Tillman v. Burge*, 813 F. Supp. 2d 946, 982–83 (N.D. Ill. 2011). But district courts often refer to the standards of Rules 59(e) and 60(b) for guidance when considering motions for reconsideration of interlocutory orders. *See, e.g.*, *Tillman*, 813 F. Supp. 2d at 982–83.

Defendants have not identified any compelling reason for reconsideration. The court sanctioned Aguilera because he failed to comply with multiple court orders. Defendants provide no justifiable reason for Aguilera's failure to comply. Aguilera's belated compliance is not a reason to rescind the sanction the court had already imposed. Rescinding that sanction would undermine the force of the court's orders. The court will deny defendants' motion.

Plaintiffs ask the court to award their expenses in responding to defendants' motion for reconsideration, imposed jointly and severally on all three defendants and their counsel. Rule 37(a)(5)(A) provides for an award of expenses against "the party . . . whose conduct necessitated the motion [to compel discovery], the party or attorney advising that conduct, or both." Fee-shifting under Rule 37 applies equally to motions for reconsideration and appeals seeking relief from Rule 37 orders. *Rickels v. City of South Bend, Ind.*, 33 F.3d 785, 787 (7th Cir.

1994). But fee-shifting is not allowed if the opposing party's position was "substantially justified" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii). Defendants' position—that Aguilera's belated discovery responses somehow constitute newly discovered evidence—is not substantially justified, and there are no circumstances in the record that would make fee-shifting unjust. Plaintiffs had to conduct extensive motion practice to get what should have been routine discovery responses. The motion for reconsideration amplifies the injury. So the court will award plaintiffs' expenses.

This leaves the question of who should be responsible for paying plaintiffs' expenses. As plaintiffs note, the motion for reconsideration was submitted on behalf of all three defendants. Defendants opposed plaintiffs' motion for sanctions against Aguilera and Rivadeneria on the grounds that entry of default judgment against those defendants regarding liability would make it harder for Mr. G&G to defend itself, as plaintiffs seek to hold Mr. G&G vicariously liable for Aguilera and Rivadeneria's conduct. *See* Dkt. 34, at 4. By the same logic, entry of default judgment against Aguilera may make it harder for Rivadeneria to defend himself, as plaintiffs also seek to hold Rivadeneria vicariously liable for Aguilera's conduct, Dkt. 3, ¶ 53. All three defendants stood to benefit from defendants' motion, so it is appropriate for all three to share liability for plaintiffs' expenses in opposing the motion.

The court previously declined to impose liability on defense counsel for plaintiffs' expenses incurred in bringing their motion for sanctions because there was no indication that Aguilera and Rivadeneria's failure to respond was due to their counsel's conduct. Dkt. 36. In contrast, defense counsel was responsible for bringing this unjustified motion. So it is appropriate that defense counsel share responsibility for plaintiffs' expenses.

**B. Defendant's motion for an independent medical examination**

Jared Burress testified in his deposition that he has suffered a shoulder injury that will require surgery. Defendants asked Burress to submit to an in-person medical examination, which defendants had arranged for September 22, 2020. Burress refused the examination because of his concerns over COVID-19, but he offered to submit to a remote examination. Defendants declined this offer, and they ask the court to order Burress to submit to an in-person medical examination. They also ask the court to postpone the January 25, 2021 trial date to accommodate the examination.

The court can order a party whose medical condition is in controversy to submit to an examination, but the party requesting such an order must show good cause for the order. Fed. R. Civ. P. 35(a). Burress doesn't dispute that his medical condition is in controversy. Defendants contend that they have shown good cause to order an in-person examination because "[a] remote examination prevents a medical examiner from conducting a full battery of tests to gauge the alleged injury complaints." Dkt. 47, at 3.

Defendants have not shown good cause. Whether defendants can obtain the information they seek through other means is a relevant consideration. *Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964). Defendants adduce no evidence that a remote examination would be inadequate; they rely only their attorney's unsworn assertion. More importantly, they don't explain why they cannot obtain the information they need from Burress's medical records or deposing his treating physicians. *See also In re Cook Med., Inc., IVC Filters Mktg., Sales Practices & Prods. Liab. Litig.*, No. 1:14-ml-2570-RLY-TAB, 2017 WL 2403052, at *1 (S.D. Ind. June 1, 2017) (to determine good cause, courts consider whether moving party has taken advantage of other discovery methods). This is not a matter of assessing Buress's subjective complaints of

pain; the recommendation for surgery and the need for surgery should be reflected in his medical records.

These considerations are especially important here because granting defendants' request would require rescheduling the trial. If an in-person examination were truly required, defendants should have immediately asked for an order compelling the examination so it could have been done as scheduled on September 22. Time is short. The court is not sympathetic to defendants' complaints of prejudice because they have been so slow in responding to plaintiffs' discovery requests, and they have been slow to conduct their own discovery. The court will deny this motion as well.

ORDER

IT IS ORDERED that:

1. Defendants' motion for reconsideration, Dkt. 40, is DENIED.

2. Plaintiffs may have until October 8, 2020, to submit an itemized list of expenses reasonably incurred in responding to defendants' motion for reconsideration, which will be imposed jointly and severally on all defendants and their counsel. Defendants may have seven days to respond to the reasonableness of plaintiffs' expenses.

3. Defendants' motion to order a physical examination and reschedule the trial, Dkt. 47, is DENIED.

Entered October 1, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge