IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JARED BURRESS and MEGAN BURRESS,

                Plaintiffs,

v.

MR. G&G TRUCKING, LCC,
GUIDO F. RIVADENEIRA, and
LIOSBANY RAFAEL ALCOLEA AGUILERA,

                Defendants.[1]

ORDER

19-cv-791-jdp

---

    Plaintiffs Jared Burress and Megan Burress are suing defendants Mr. G&G Trucking, LLC, Guido F. Rivadeneira, and Liosbany Rafael Alcolea Aguilera for injuries that plaintiffs sustained in a car accident. Although trial is just over three months away, and the deadline for dispositive motions expired nearly two months ago, Mr. G&G's insurer, Prime Property & Casualty Insurance Inc., has moved to intervene. Dkt. 54. Prime seeks to bifurcate the trial on the issues of coverage and liability, contending that it isn't required to defend or indemnify defendants under Mr. G&G's policy. Prime says that it is entitled to intervene under both Federal Rule of Civil Procedure 24(a) (intervention as a matter of right) and Rule 24(b) (permissive intervention). But both types require a timely motion, Fed. R. Civ. P. 24(a), (b)(1), and Prime's motion isn't timely. The court will deny the motion.

    Prime's main arguments regarding coverage are that Rivadeneira and Aguilera weren't listed as scheduled drivers and that they failed to cooperate in their defense. But Prime has been aware of the former issue since at least September 17, 2019, when its counsel noted in a

---

[1] The court has amended the caption to reflect the correct spelling of defendant Guido F. Rivadeneira's last name. *See, e.g.*, Dkt. 52, ¶ 1.

letter to Mr. G&G that its policy might not cover the accident because Rivadeneira and Aguilera weren't listed as scheduled drivers. Dkt. 74-1, at 5. And Rivadeneira and Aguilera's lack of cooperation has been clearly documented on this case's docket since February 20, 2020, when defense counsel said in an affidavit, "Throughout the duration of this litigation, I have encountered difficulties in locating and communicating with my clients." Dkt. 24, ¶ 2. Prime could have moved to intervene months ago based on either of these reasons, so a motion based on them at this late date isn't timely.

The only recent development that Prime identifies in its motion is plaintiffs' amendment of their complaint to seek punitive damages from Mr. G&G. Prime says that it will be unfairly prejudiced if it is forced to defend Mr. G&G against punitive damages because Mr. G&G's policy doesn't cover such damages. But even assuming that Prime doesn't have a duty to defend Mr. G&G against punitive damages at trial, doing so shouldn't require Prime to expend significantly more resources than it would to defend Mr. G&G against plaintiffs' claims. Whether punitive damages are covered by the policy is a separate question, but it doesn't need to be resolved before trial. The question will be moot if the jury doesn't award punitive damages. And if the jury does, Prime and Mr. G&G will be able to resolve the question of coverage after the fact.

ORDER

IT IS ORDERED that Prime Property & Casualty Insurance Inc.'s motion to intervene, Dkt. 54, is DENIED.

Entered October 19, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge