IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JARED BURRESS and MEGAN BURRESS,

                Plaintiffs,

  v.

MR. G&G TRUCKING, LCC,
GUIDO F. RIVADENEIRA, and
LIOSBANY RAFAEL ALCOLEA AGUILERA,

                Defendants.

ORDER

19-cv-791-jdp

---

    Plaintiffs Jared Burress and Megan Burress are suing defendants Mr. G&G Trucking, LLC, Guido F. Rivadeneira, and Liosbany Rafael Alcolea Aguilera for injuries that plaintiffs sustained in a car accident. Plaintiffs request leave to disclose an expert regarding Jared Burress's economic damages. Dkt. 105. The court will deny the motion.

    The court didn't impose a deadline for expert disclosures and the parties didn't stipulate to one, so by default, the disclosure deadline was "90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D)(i). The trial was initially set for January 25, 2021, so the disclosure deadline was October 27, 2020. Nevertheless, plaintiffs contend that their disclosure is timely because the court struck the January 25 trial date due to the COVID-19 pandemic. But the court did so in November, well after the disclosure deadline had passed. Dkt. 85. And in striking the trial date, the court expressly clarified that all pretrial submission deadlines would remain in place. In other words, January 25 remains the date set for the case to be ready for trial, so the deadline set by Rule 26 didn't change.

    Rule 6(b)(1)(B) allows the court to grant a party's motion to extend a deadline after it has expired "if the party failed to act because of excusable neglect." Under Rule 16(b)(4) the

court can modify the case schedule for good cause. Plaintiffs haven't shown excusable neglect, so the court cannot extend the deadline under Rule 6. And there is no good cause to modify the schedule. Plaintiffs identify nothing that prevented them from disclosing their expert before their deadline to do so; indeed, they offer no explanation at all for their late disclosure. And allowing a late disclosure would prejudice defendants, as discovery closed in December and the parties have already filed their pretrial submissions. Plaintiffs offer to mitigate that prejudice by allowing defendants to disclose their own economic expert and conduct additional discovery. But the court left the pretrial submission deadlines in place so that this case will be ready to try as soon as it is safe to do so. Adding new experts, further discovery, and another round of pretrial submissions risks undermining that goal.

## ORDER

IT IS ORDERED that plaintiffs Jared Burress and Megan Burress's motion for leave to disclose an economic expert, Dkt. 105, is DENIED.

Entered January 21, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge